IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN LIZCANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-1008-B-BN |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM OPINION AND ORDER**

This action is referred to the undersigned magistrate judge pursuant to Title 28, United States Code, Section 636(b). Petitioner Juan Lizcano has filed an application to proceed in forma pauperis ("IFP") but has not requested the appointment of counsel. *See* Dkt. No. 1-1. Instead, he is represented by counsel who was not appointed by this Court, who may be privately retained with financial arrangements unknown to this Court, and who may have also represented him in the state court proceedings. To determine whether Lizcano should be granted IFP status and whether any conflict exists under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), Lizcano is directed to supplement the application.

I

Lizcano makes his application under 28 U.S.C.A. § 1915(a), which authorizes this Court to allow the filing of an action without prepayment of fees by a person who "submits an affidavit that includes a statement of all assets such prisoner possesses

that the person is unable to pay such fees or give security therefor." *See also* N.D. TEX. L. CIV. R. 83.6 ("A party desiring to proceed without prepayment of fees or costs must complete the appropriate form and file it with the clerk."). But the fee for filing a habeas petition is only $5. Therefore, a habeas petitioner is ineligible for IFP status and may not avoid this modest fee unless his total resources do not exceed $50. "A petitioner whose prison account or other resources exceed fifty ($50.00) dollars must pay appropriate filing fees and may not prosecute a petition in forma pauperis in this District." Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977). This miscellaneous order restricts this Court's ability to grant IFP status rather than expands any entitlement to it.

Although Lizcano has filed a certificate of inmate trust account indicating that his balance on April 7 was $38.87, it also shows that, during the prior six months, his average balance exceeded $110, that he received monthly deposits averaging in excess of $125, and that his total deposits during this period exceeded $750.00. In addition, Lizcano's petition was filed by counsel who was not appointed by this Court and whose financial arrangements with Lizcano have not been disclosed. It is not clear from these filings that Lizcano is entitled to proceed IFP in this proceeding.

II

In *Martinez v. Ryan*, the Supreme Court created a new exception to procedural bar for claims of ineffective assistance of trial counsel.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial

2

>claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. Subsequently, in *Trevino v. Thaler*, the Court held that this exception applies to Texas cases. *See* 133 S. Ct. at 1918.

The United States Court of Appeals for the Fifth Circuit has noted that new, conflict-free, supplemental counsel may be required to investigate when the same counsel represents the inmate in federal court that represented the inmate before the state court. After noting that 18 U.S.C. § 3599 authorizes federal judges to appoint counsel and supplemental counsel in federal habeas proceedings in capital cases, the Court of Appeals stated:

>We conclude that this authority should be used in the present case in the interest of justice. Under that power, and mindful of the systematic benefits of efficiently resolving all potential claims as early in the habeas process as possible, we direct the appointment of supplemental counsel for the sole purpose of determining whether [the habeas petitioner] has additional habeas claims that ought to have been brought.

*Speer v. Stephens,* 781 F.3d 784, 786 (5th Cir. 2015). Further, the tolling of AEDPA's limitation period may be appropriate to allow the consideration of any new claims identified by newly appointed counsel under the Supreme Court's holding in *Christeson v. Roper,* 135 S. Ct. 891, 894 (2015), beyond the original one-year period.

The reported opinion of the Texas Court of Criminal Appeals denying habeas relief lists Debbie J. McComas as Lizcano's attorney. *See Ex Parte Lizcano,* No. WR-68,348-03, 2015 WL 2085190 (Tex. Crim. App. Apr. 15, 2015). She appears to be

3

one of the same attorneys that has filed the petition for relief before this Court. *See* Dkt. No. 1.

Had the state court appointed counsel for Lizcano, that appointed counsel would have been required under state law to file a motion for appointment of federal habeas counsel in this Court within 15 days of the date that the Texas Court of Criminal Appeals denied habeas relief a year ago. *See* TEX. CRIM. PROC. CODE ANN., art. 11.071(e) (West 2013). Because no motion to appoint counsel was filed in this Court, there has been no prior opportunity for this Court to explore the matter. The Supreme Court in *Martinez* and *Trevino*, however, did not distinguish whether state habeas counsel was appointed by the court, privately retained, or working on a *pro bono* basis, in setting forth the new exception to procedural bar. Therefore, Lizcano should have the same rights under *Martinez* and *Trevino* as any federal habeas petitioner who is or was represented by appointed counsel.

III

Additional information is needed to determine whether to grant IFP status, whether any conflict of interest exists, and whether Lizcano either knowingly and intelligently waives any such conflict or desires the appointment of independent counsel to look into the matter. Accordingly, the Court orders Lizcano and all of his attorneys in this proceeding to supplement the information before this Court as follows:

Lizcano and his attorneys are ORDERED to file a supplemental report by **May 16, 2016** that:

4

1. Discloses the spending limits on Lizcano for his use of funds from the inmate trust account and the expenses that prevent Lizcano from paying the filing fee in this action;

2. Discloses the financial arrangements between the attorneys and Lizcano and specifically identifies any resources available to Lizcano that were not disclosed in the IFP application;

3. Discloses the full involvement of each of the attorneys representing Lizcano before this Court in any proceedings in state court on behalf of Lizcano and describes those proceedings and the dates of any representation of Lizcano before the state court;

4. States whether Lizcano waives any potential conflict of interest in the representation before this Court of any counsel that may have represented him in prior proceedings before the state court or whether Lizcano desires the appointment of independent counsel on this issue (in the event that Lizcano waives any potential conflict, the report must also provide the information showing that such waiver is made knowingly and intelligently by Lizcano); and

5. May be filed ex parte and under seal.

SO ORDERED.

DATED: April 15, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE