IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN LIZCANO, | § | |
| Petitioner, | § § § | |
| V. | § | No. 3:16-cv-1008-B-BN |
| LORIE DAVIS, Director, Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | (Death Penalty Case) |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE TO STAY PROCEEDINGS**

Petitioner Juan Lizcano has filed a motion to stay these proceedings to permit the Texas Court of Criminal Appeals to correct its errors and reevaluate his claim of intellectual disability under *Moore v. Texas,* 137 S. Ct. 1039 (U.S. 2017). *See* Dkt. No. 34. Respondent has filed a response in opposition, *see* Dkt. No. 40, and Lizcano has filed his reply, *see* Dkt. No. 43.

Because the interests of justice favor giving the Texas courts an opportunity to decide whether *Moore* requires reconsideration of Lizcano's claim of intellectual disability, the undersigned recommends that the motion [Dkt. No. 34] be granted.

**I**

In October 2007, the Texas district court found Lizcano guilty and sentenced him to death for the capital murder of Officer Brian Jackson, rejecting his claim of intellectual disability under *Atkins v. Virginia,* 536 U.S. 304 (2002).

Lizcano's conviction and death sentence were affirmed by the Texas Court of Criminal Appeals ("CCA"). *See Lizcano v. State,* No. AP-75,879, 2010 WL 1817772 (Tex. Crim. App. 2010).

In a split decision, the CCA denied Lizcano's postconviction application for a writ of habeas corpus. *See Ex Parte Lizcano,* No. WR-68,348-03, 2015 WL 2085190 (Tex. Crim. App. Apr. 15, 2015), *cert. denied sub nom. Lizcano v. Texas,* 136 S. Ct. 584, 193 L. Ed. 2d 467 (2015). Two judges dissented on the basis that it was time for the CCA to reconsider the standard set out in *Ex parte Briseno,* 135 S.W.3d 1, 8-9 (Tex. Crim. App. 2004), for the evaluation of claims of intellectual disability. *See id.* at *1-*2.

Subsequently, the United States Supreme Court held that the *Briseno* factors may not be used, as the CCA used them, to restrict qualification of an individual as intellectually disabled because they "'creat[e] an unacceptable risk that persons with intellectual disability will be executed'" in violation of the Eighth Amendment. *Moore,* 137 S. Ct. at 1044 (quoting *Hall v. Fla.*, 572 U.S. ___, 134 S. Ct. 1986, 1990 (2014)).

Following that opinion, the CCA has stayed one execution to review an *Atkins* claim, *see Ex parte Long,* No. WR-76,324-02, 2017 WL 3616644, at *1 (Tex. Crim. App. Aug. 21, 2017); remanded an *Atkins* claim for further evidentiary development, *see Ex parte Jean,* No. WR-84,327-01, 2017 WL 2859012, at *1 (Tex. Crim. App. June 28, 2017); and granted relief on an *Atkins* claim, *see Ex parte Sosa,* No. AP-76,674, 2017 WL 2131776, at *1 (Tex. Crim. App. May 3, 2017).

II

Lizcano requests a stay to allow further action on his *Atkins* claim before the state court. *See* Dkt. No. 34 at 4-5 (citing *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005)); Dkt. No. 43 (referencing "the Court's inherent power to control its docket" and citing *Gutierrez v. Davis,* No. 16-70028 (5th Cir. Aug. 30, 2017), in which the United States Court of Appeals for the Fifth Circuit granted a stay to allow the petitioner to re-file a previously abandoned *Atkins* claim in state court in light of *Moore*)).

Lizcano argues that good cause for not raising the issue earlier and a lack of dilatory intent under *Rhines* are shown by the fact that *Moore* was decided after he was denied relief. *See* Dkt. No. 34 at 5. He argues that the claim is not plainly meritless because his allegations, if true, could form the basis for habeas corpus relief and that there is at least one procedural vehicle for raising the issue to the CCA. *See id.* at 5. Lizcano also argues that the principles of federalism and comity require a stay in this case. Dkt. No. 43 at 2-3.

Respondent argues that "good cause" under *Rhines* has not been shown because Lizcano has fully exhausted his *Atkins* claim. *See* Dkt. No. 40 at 3-5. She argues that Lizcano's *Atkins* claim is "plainly meritless" because he could not obtain relief under the Anti-Terrorism and Effective Death Penalty Act of 1996 based on a legal standard that did not exist at the time his claim was denied. *Id.* at 5-15.

Respondent also asserts that "Lizcano's ability to seek rehearing in state court would not be affected in any way by this Court denying his request for a stay." *Id.* at 5.

3

Lizcano responds that Texas's two-forum rule would prevent him from seeking relief in state court unless this Court grants a stay. *See* Dkt. No. 43 at 3-4 (citing *Ex parte Hernandez,* No. WR-63282-02, 2009 WL 4198849, at *2 (Tex. Crim. App. Nov. 25, 2009), and *Ex parte Soffar,* 143 S.W.3d 804, 804 (Tex. Crim. App. 2004)).

He identifies two procedural mechanisms in state court that may allow him relief if a stay is granted. "Mr. Lizcano intends at least to suggest pursuant to Texas Rule of Appellate Procedure 79.2(d) that the CCA reconsider its prior decisions in light of *Moore*." Dkt. No. 34 at 4. Lizcano also asserts that his claim would come within the "new legal basis" prong of Texas Code of Criminal Procedure, Article 11.071 § 5(a)(1). Dkt. No. 34 at 5.

### III

It is undisputed that Lizcano satisfied the intellectual prong of the *Atkins* test. *See Lizcano,* 2010 WL 1817772, at *12. It does not appear to be disputed that the onset of his condition was before age 18. *See id.* at *15; *Ex Parte Lizcano,* 2015 WL 2085190, at *1 (noting the CCA's prior determination that Lizcano's IQ is below seventy and "there appears to be no dispute that the onset of that subaverage IQ occurred before he was eighteen years of age"). The basis on which the state court denied Lizcano's claim was his failure to satisfy the "adaptive deficit" prong of the *Atkins* test as construed by *Briseno*. *See Lizcano,* 2010 WL 1817772, at *12; *Ex Parte Lizcano,* 2015 WL 2085190, at *1-*2.

Because the United States Supreme Court has determined that the interpretation of adaptive deficits in *Briseno* violates the Eighth Amendment, the

4

Texas state courts should be permitted the first opportunity to determine whether Lizcano has adaptive deficits, free from those unconstitutional restrictions.

Respondent argues that the motion should be denied because Lizcano merely requests a stay to re-litigate a claim that has been fully exhausted. *See* Dkt. No. 40 at 3-5. But Lizcano also asserts that a stay is "appropriate in this case given the report that Counsel from the Capital Habeas Unit filed on June 14, 2017," referencing unexhausted claims of ineffective assistance of counsel. Dkt. No. 34 at 5 (citing Dkt. No. 32).

And, if Respondent is arguing that, even if Lizcano is intellectually disabled and diligently raised this as an issue before the state courts, he cannot obtain any relief before this or any court because the Supreme Court did not strike down the unconstitutional state standard before the state court denied relief, the Court's accepting this argument might require it to condone the execution of a person who may well be intellectually disabled. The requirements of justice would not favor such a result.

Respondent made the same arguments regarding "good cause" and "plainly meritless" under *Rhines* in another case before the United States District Court for the Southern District of Texas, and they were rejected.

In that case, the habeas petitioner also advised the Court that he intended to file a suggestion of rehearing in the Texas Court of Criminal Appeals under Texas Rule of Appellate Procedure 79.2(d) regarding his denied *Atkins* claim. The Court granted the motion to stay and observed that

5

> [t]he Texas courts will not consider a challenge to an inmate's conviction and sentence if a federal action is pending, unless the federal court stays its parallel proceedings. *Ex parte Soffar,* 143 S.W.3d 804, 807 (Tex. Crim. App. 2004). The interests of justice favor giving the Texas courts an opportunity to decide whether *Moore* requires reconsideration of Cathey's *Atkins* claim.

*Cathey v. Davis,* No. 4:15-cv-02883, slip op. at 2 (S. D. Tex., July 28, 2017).

The interests of justice are the same in the instant case, and Lizcano's motion should likewise be granted.

## Recommendation

The Court should grant Petitioner Juan Lizcano's motion to stay these proceedings [Dkt. No. 34] and set appropriate time limits set for the presentation of his claim to the state court and return to the federal court in the event that relief there is denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996).

DATED: September 21, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE