UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN LIZCANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-1008-B |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Although petitioner Juan Lizcano complained to the state court that he was intellectually disabled and exempt from execution, the state court denied his claim by applying a standard that was later held to violate the Eighth Amendment in *Moore v. Texas,* 137 S. Ct. 1039 (Mar. 28, 2017). Since *Moore* was issued, the Texas Court of Criminal Appeals ("CCA") has authorized subsequent proceedings to consider this intervening change in law, but state law will not allow the state court to consider relief in this case unless these federal proceedings are stayed. Because it is in the interest of justice to allow the state court to reconsider this case in light of *Moore,* and no objections have been filed, the recommendation of the Magistrate Judge to stay these proceedings is **ACCEPTED** and Lizcano's motion is **GRANTED**.

I.

On June 19, 2017, Lizcano filed an unopposed motion for a stay of these proceedings "to permit the CCA to correct its errors and reevaluate his claim of intellectual disability under constitutional standards." Mot., doc. 34, 1. The motion asserted that the state courts found that

Lizcano satisfied the first prong of the intellectual disability prong, having an IQ of 70 or below, but that his claim was denied on the basis of the abrogated test set out in *Ex parte Briseno,* 135 S.W.3d 1 (Tex. Crim. App. 2004). Mot., 1-2. In particular, the CCA found that despite the fact that Lizcano had shown adaptive deficits, evidence of Mr. Lizcano's adaptive strengths supported a finding that he was not intellectually disabled under *Briseno.* Lizcano argues that this standard was found unconstitutional in *Moore v. Texas,* 137 S. Ct. 1039 (2017), that the CCA's analysis was wrong, and that it should be allowed to correct its error. Mot. at 2-4.

Respondent filed a response in opposition, arguing that Lizcano has already exhausted this claim and, therefore, cannot make the showing of good cause required by *Rhines v. Weber,* 544 U.S. 269, 277 (2005). Resp., doc. 40, 3. Respondent also argues that even though the state court used a standard to deny his claim that the Supreme Court found unconstitutional, Lizcano cannot obtain relief in this or any court because the standard had not been recognized as unconstitutional at the time that the state court denied his claim. Resp., 5-15. Respondent also asserts that Lizcano's ability to seek a state court reconsideration of his claim would not be affected by this Court denying the requested stay. Resp., 5.

The United States Magistrate Judge observed that state law would prevent Lizcano from seeking review of his claim in state court unless this Court grants a stay. *See* Findings & Recommendation, doc.45, 6 (quoting *Cathey v. Davis,* No. 4:15-cv-02883, slip op. at 2 (S. D. Tex., July 28, 2017)). The Magistrate Judge also observed that the CCA has allowed subsequent review of previously rejected claims based on the abrogation of *Briseno* by *Moore. See id.,* 3. Finally, the Magistrate Judge concluded that the interests of justice would be served by granting a stay to allow

the state court to reconsider this claim in light of *Moore*. *See id.*, 5-6. No objections have been filed to the Findings and Recommendation to stay these proceedings.

## II.

The Findings and Recommendation of the Magistrate Judge correctly recognize the interests of justice in this matter. The state court has not been afforded the critical opportunity to consider Lizcano's claim of intellectual disability under a constitutional standard and should be allowed that opportunity before an execution is carried out. Accordingly, Lizcano's motion is granted.

## III.

## ORDER

The recommendation of the United States Magistrate Judge is **ACCEPTED,** and these proceedings are **STAYED** while Lizcano pursues his state court remedies in accordance with the Recommendation and this order.

Accordingly, Lizcano is **ORDERED** to file an application for reconsideration of his claim in the state court within **30 days** of the date of this order, and, unless he obtains the sought relief in state court, to return to this court within **45 days** after he exhausts his state court remedies. If relief is granted by the state court, Respondent must promptly notify this Court and if such grant of relief causes the remaining claims to become moot, then these proceedings shall be dismissed. If Lizcano fails to comply with this order, these proceedings shall be dismissed.

The Clerk of Court is directed to administratively close this case for statistical purposes, but nothing in this order shall be considered a final dismissal or disposition of this case. This case shall be reopened upon proper motion filed in accordance with the provisions of this order.

**IT IS SO ORDERED.**

DATED October 6th, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE