IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN LIZCANO, | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | No. 3:16-cv-01008-B-BN |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|       Respondent. | § | |

**RESPONDENT LUMPKIN'S ADVISORY TO THE COURT**

      This is a federal habeas corpus proceeding initiated by petitioner Juan Lizcano, a formerly death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. On September 16, 2020, the Texas Court of Criminal Appeals (CCA) granted Lizcano habeas relief regarding his intellectual-disability claim and reformed his death sentence to life without parole. *Ex parte Lizcano*, No. WR-68,348-03, 2020 WL 5540165, at *1 (Tex. Crim. App. 2020) (unpublished). On September 18, 2020, this Court issued an order stating that the CCA's decision appeared to render moot any challenges to Lizcano's death sentence and directing the parties to advise the Court whether any issues remain for disposition. Docket Entry (DE) 53.

      The Director notes that one claim Lizcano raised in his original petition does pertain to guilt-innocence—whether trial counsel was ineffective for failing to seek a pre-trial hearing to determine whether Lizcano was competent to stand trial. DE 1 at 80–82. Further, pursuant to this Court's prior order to Lizcano to file a supplemental petition, DE 28, Lizcano filed a supplemental petition ex parte, DE 44,

which the Director just received from opposing counsel. In his recent "Notice of Decision" to this Court, Lizcano stated that he intends on litigating the guilt-innocence claims raised in both his original and supplemental petitions. DE 52 at 4.

Any new guilt-innocence claims raised in the supplemental petition that do not relate back to the original petition would be time barred under 28 U.S.C. § 2244(d). However, the Director agrees that Lizcano has a right to the adjudication of his claims regarding guilt-innocence and, consequently, that these issues should be resolved by the Court.

Finally, due to the large number of ex parte, sealed, and undocketed filings in this case, the Director cannot conclusively determine if he has all of the relevant documents. The Director requests a scheduling order clarifying the pending motions/petitions and the time to respond. The Director also requests that the Court unseal all the relevant documents upon which Lizcano intends to proceed and/or order Lizcano to provide those documents to the Director.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

MARK PENLEY
Deputy Attorney General for
Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

|  | /s/ Erich Dryden |
|---|---|
|  | *ERICH DRYDEN |
| *Attorney-in-Charge | Assistant Attorney General |
|  | State Bar No. 24008786 |

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
(512) 320-8132 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Respondent Lumpkin's Advisory to the Court has been served electronically to Debra McComas, Stephanie Sivinski, Jason Jordan, Jason Hawkins, and Shawn Nolan, counsel for the petitioner, on this the 2nd day of October, 2020.

    /s/ Erich Dryden
ERICH DRYDEN
Assistant Attorney General